UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD ANTHONY ORTIZ,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Respondent. | Case No. 2:15-CV-863-RSL<br><br>ORDER DENYING PETITIONER'S MOTION PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 36 |

　　This matter comes before the Court on a statement filed by petitioner Richard Anthony Ortiz on July 19, 2019. Dkt. #14. Petitioner requests that the judgment issued against him be amended to correct a clerical error. Id. The Court construes this as a motion pursuant to Federal Rule of Criminal Procedure 36.

　　On May 16, 2013, petitioner was found guilty of Conspiracy to Distribute Heroin and/or Methamphetamine and Possession of Heroin with Intent to Distribute. United States of America v. Richard A. Ortiz, 2:12-cr-00062-RSL-28 ("Criminal Case"), Dkt. #954; see 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846. He was sentenced on December 13, 2013 to a total of 180 months, and a special assessment fee of $200 was imposed. Criminal Case, Dkt. #1196. The conviction was affirmed by the Ninth Circuit on January 23, 2015. Criminal Case, Dkt. #1360. Petitioner then filed a motion under 28 U.S.C. § 2255 on June 1, 2015. Dkt. #1. This was denied on December 8, 2015. Dkt. #13. Petitioner filed this motion more than four years later arguing that the special assessment fee should not have exceeded $100 because he was serving concurrent

ORDER DENYING PETITIONER'S MOTION PURSUANT
TO FEDERAL RULE OF CRIMINAL PROCEDURE 36 - 1

sentences on each of his offenses. Dkt. #14. He requests that the "clerical error" be corrected pursuant to Federal Rule of Criminal Procedure 36. Id. at 4.

"The provisions of Rule 36 do not permit a substantive change in the period of incarceration which the defendant must serve. A change made under [Rule] 36 can do no more than conform the sentence to the term which the record indicates was intended." United States v. Kaye, 739 F.2d 488, 490 (9th Cir. 1984). What petitioner seeks is not a correction of a clerical error, but a substantive change to his sentence. See U.S.A. v. Thompson, No. CR 03-00847-ABC, 2015 WL 13722858, at *3 (C.D. Cal. May 6, 2015) ("Rule 36 allows the Court to correct only clerical errors. … Here, in contrast, Defendant asks us to make a substantive change to his sentence by significantly reducing the special assessment fee imposed. … Defendant argues that the sentencing Judge erred in calculating the special assessment fee. … In so doing, Defendant claims a judicial error, which cannot be remedied by Rule 36."). Nor does petitioner give any explanation for why he has raised this issue four years after the denial of his 28 U.S.C. § 2255 motion and five and a half years after the sentence was imposed. Accordingly, the Court denies the motion without reaching the merits of petitioner's claim. See id.

For all the foregoing reasons, petitioner's motion is DENIED.

DATED this 4th day of September, 2019.

Robert S. Lasnik
United States District Judge

ORDER DENYING PETITIONER'S MOTION PURSUANT
TO FEDERAL RULE OF CRIMINAL PROCEDURE 36 - 2